

**FILED**

**February 12, 2018**

**TN COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**

**Time: 2:19 P.M. EASTERN**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | |
|---|---|
| **DAVID LEATHERWOOD,** ) | **Docket No. 2017-03-0758** |
| **Employee,** ) | |
| **v.** ) | |
| **MAYFIELD DAIRY FARMS, LLC,** ) | |
| **Employer,** ) | **State File No. 30692-2017** |
| **And** ) | |
| **LIBERTY MUTUAL INSURANCE** ) | |
| **COMPANY,** ) | |
| **Carrier.** ) | **Judge Pamela B. Johnson** |

## EXPEDITED HEARING ORDER
## (ON-THE RECORD DETERMINATION)

This matter came before the Court on January 29, 2018, upon David Leatherwood's Request for Expedited Hearing seeking a decision on the record. Mayfield Dairy Farms, LLC did not request an evidentiary hearing. The Court issued a Docketing Notice on January 17, 2018, listing the documents to be considered. Upon careful consideration of the record, this Court finds it needs no additional information to determine whether Mr. Leatherwood is likely to prevail at a hearing on the merits of the claim and decides this matter upon a review of the written materials.

The central legal issue is whether Mr. Leatherwood presented sufficient evidence to prove he would likely prevail at a hearing on the merits that he is entitled to medical benefits. For the reasons set forth below, the Court holds Mr. Leatherwood failed to come forward with sufficient evidence and denies his request for medical benefits.

### History of Claim

Mr. Leatherwood worked part-time for Mayfield as a merchandiser. On April 21, 2017, he lost his balance and fell while stocking product in a grocer's milk cooler. When he fell, he struck his back on a plastic crate and cut his head. The same day, he reported

1

the injury to his supervisor, who instructed him to seek medical care at American Family Care (AFC).[1]

Mr. Leatherwood told providers at AFC that he fell while pushing a cart of empty milk crates. He indicated he fell on his bottom but scratched his right ribcage on the edge of another cart. He also said a falling milk crate scratched his forehead. He denied loss of consciousness. The attending provider diagnosed an open head wound, right rib fracture, and open wound of the right thoracic back.

He followed up at AFC three days later and reported improvement. He denied any back or rib pain. The attending provider indicated she no longer believed a rib fracture occurred since Mr. Leatherwood was pain-free and had free range of motion. She released him to follow up as needed.

After working a couple of days, Mr. Leatherwood began to experience loss of focus, increased pain, and trouble driving. He informed his supervisor, who instructed him to return to AFC. He explained to his supervisor that he did not believe he could safely drive to the clinic and sought care at nearby Parkwest Medical Center (PMC).

At PMC, Mr. Leatherwood reported he fell and struck his right forehead, right ribs, and mid-back area. He also stated he briefly lost consciousness when he fell and suffered confusion since the fall. The nursing assessment and physical exam revealed no acute distress with normal orientation to person, place, and time. The attending physician diagnosed a contusion from the fall after an exhaustive examination and review of numerous diagnostic tests. The attending physician instructed Mr. Leatherwood to follow up with his primary care physician concerning his hypertension.[2]

Mr. Leatherwood now seeks payment of the medical expenses he incurred at PMC on May 2, 2017. Mayfield opposes payment on grounds the treatment was unauthorized, unnecessary, unreasonable, and unrelated to the work injury.

### Objection to Admissibility of Medical Expenses

Mayfield objected to the admissibility of medical expenses, arguing that Mr. Leatherwood failed to authenticate the medical expenses, failed to establish by expert opinion a causal relationship between the medical expenses and the work injury, and

---

[1] Neither party introduced evidence whether Mayfield offered Mr. Leatherwood a panel of physicians upon his report of a work injury and need for treatment.

[2] The PMC nursing triage notes indicated Mr. Leatherwood reported his fall occurred four days prior to his hospital visit. Later, the attending physician noted Mr. Leatherwood sustained a concussion injury twelve days before. Without further explanation, the PMC records indicated, "Injury can be coded as occurring in home environs."

failed to demonstrate the reasonableness and necessity of the medical expenses. Mr. Leatherwood did not respond to Mayfield's objection.

Rule 901 of the Tennessee Rules of Evidence requires the authentication of proposed evidence prior to its admissibility and consideration by the trier of fact. Here, Mr. Leatherwood failed to submit an acknowledgment, affidavit, or certification authenticating the medical expenses. He also failed to submit an expert opinion demonstrating the medical expenses were reasonably necessary by his work injury. *See* Tenn. Code Ann. § 50-6-204(a)(1)(A). For these reasons, the Court sustains Mayfield's objection and excludes the medical expenses submitted by Mr. Leatherwood.

### Findings of Fact and Conclusions of Law

Mr. Leatherwood need not prove every element of his claim by a preponderance of the evidence in order to obtain relief at an Expedited Hearing. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Instead, he must come forward with sufficient evidence from which this Court can determine he is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2017).

The Workers' Compensation Law provides that the employer shall furnish, free of charge to the employee, such medical treatment made reasonably necessary by the work injury. When the employee expresses a need for medical care, the employer shall designate a group of three or more independent, reputable physicians. In return, the injured employee shall accept the medical benefits. *See generally* Tenn. Code Ann. § 50-6-204.

Here, Mr. Leatherwood argued he went to PMC because of extreme pain and other issues prevented him from driving to AFC. In response, Mayfield asserted Mr. Leatherwood unreasonably refused the medical care it offered and unilaterally decided to drive himself to PMC for unauthorized medical treatment that was unreasonable, unnecessary, and unrelated to the work injury. The Court agrees with Mayfield.

To prove a compensable injury, Mr. Leatherwood must show that his work injury arose primarily out of and in the course and scope of his employment. To do so, he must show, to a reasonable degree of medical certainty, that the employment contributed more than fifty percent in causing the need for medical treatment, considering all causes. Shown to a reasonable degree of medical certainty means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. *See generally* Tenn. Code Ann. § 50-6-102(14).

Applying the principles above, the Court finds, without question, that the written materials are devoid of an expert opinion causally relating Mr. Leatherwood's symptoms

3

and complaints at PMC to his work injury. Likewise, the record is silent as to the reasonableness and necessity of the PMC emergent care. Similarly, the Court finds Mr. Leatherwood's explanation for seeking treatment at PMC as opposed to AFC insufficient based upon the written materials presently before the Court. Accordingly, the Court holds that Mr. Leatherwood failed to demonstrate he is likely to prevail at a hearing on the merits in proving entitlement to past medical expenses and denies the requested benefits at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Leatherwood's claim against Mayfield Dairy Farms, LLC, for past medical expenses is denied at this time.

2. This matter is set for a Scheduling Hearing on **March 26, 2018, at 1:00 p.m. Eastern Time.** The parties must call (865) 594-0091 or (toll-free) (855) 543-5041 to participate in the Scheduling Hearing. Failure to appear by telephone may result in a determination of the issues without your further participation.

**ENTERED February 12, 2018.**

**PAMELA B. JOHNSON, JUDGE**
**Court of Workers' Compensation Claims**

**APPENDIX**

The Court reviewed the entire case file in reaching its decision. Specifically, the Court reviewed the following documents, marked as exhibits for ease of reference:

**Exhibits:**
1. Petition for Benefit Determination (96 pages)
   a. Documents submitted by the Employee
   b. Documents submitted by the Employer
2. Dispute Certification Notice (43 pages)
   a. Additional Issues/Objections/Defenses submitted by Employer/Carrier
3. Request for Expedited Hearing
   a. Affidavit of David Leatherwood
4. Order to Comply with 0800-02-21-.16(6)(c)[3]

---

[3] The Petition for Benefit Determination (PBD) and its attachments contained ninety-six pages of records

4

5. Employee's Table of Contents and Medical Records (33 pages)
6. Employer's Table of Contents and Medical Records (14 pages)
7. Docketing Notice for On-The-Record Determination
8. Employer's Position Statement
9. Employer's Notice of Objection of Admissibility of Medical Expenses

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on February 12, 2018.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|---------------|-----|-------|------------------|
| Mabern Wall, Joshua J. Bond, Employee's Attorneys | | | X | mwall@hdclaw.com jbond@hdclaw.com |
| Laurenn S. Disspayne, Employer's Attorney | | | X | ldisspayne@manierherod.com |

PENNY SHRUM, Court Clerk
WC.CourtClerk@tn.gov

that were unnumbered and unindexed. The Dispute Certification Notice and its attachments contained forty-seven pages, which included duplicate copies of medical records attached to the PBD. In its Order to Comply, the Court ordered the parties organize the medical records under 0800-02-21-.16(6)(c). In reaching its determination, the Court did not consider any attachments to the PBD and/or DCN unless subsequently designated by the parties and organized under 0800-02-21-.16(6)(c).

5